IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADELE WAAS,

        Plaintiff,

v.

        3:17-CV-838
CARGILL MEAT SOLUTIONS     (JUDGE MARIANI)
CORPORATION, et al.

        Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Remand (Doc. 4) the above-captioned action which Defendants removed from the Court of Common Pleas of Luzerne County in May, 2017 (Doc. 1). For the reasons that follow, the Court will grant Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On April 4, 2017, Plaintiff, Adele Waas, filed a Complaint in the Court of Common Pleas of Luzerne County against Defendants Cargill Meat Solutions, Cargill Incorporated, Cargill Meat Logistics Solutions, Inc., and Thomas Shell. (*See* Complaint, Doc. 2, Ex. A). Defendants were served on April 11, 2017 and removed the action to Federal Court on May 11, 2017. (*See* Doc. 1). On June 12, 2017, Plaintiff filed a Motion to Remand the above-captioned action (Doc. 4), to which Defendants filed a Brief in Opposition (Doc. 9).

Plaintiff's Complaint alleges that Plaintiff resides in Pennsylvania as does Defendant Shell. (Complaint, at ¶¶ 1, 2). The Complaint alleges that the remaining Defendants are each "a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania", located in Pennsylvania, with a corporate address in Minnesota. (*Id.* at ¶ 3).[1]

According to the Complaint, on April 9, 2015, Plaintiff, as an invitee, was walking through a parking lot on property "owned/controlled and/or maintained by Defendants", when she fell into a hole, causing her to "sustain serious and permanent injuries." (*See id.* at ¶¶ 6-8, 12). Plaintiff claims that she "was injured as a result of Defendants negligent, careless and/or reckless conduct, vicariously, jointly and severally, and in no way due to any fault of her own." (*Id.* at ¶ 13). Plaintiff further alleges that Shell "was a supervisor at the location where this incident occurred" and "owed duties to Plaintiff . . . delineated in [the] Complaint." (*Id.* at ¶ 2). Plaintiff therefore brings a count for Negligence against all the defendants, alleging that the defendants breached their duty of care to her in a number of ways. (*See* Complaint, at ¶¶ 15-30).

---

[1] In the Answer to the Complaint, Defendants state that "Defendant Cargill Meat Solutions Corporation is a Delaware Corporation with a principal place of business of Wichita, Kansas. Defendant Cargill, Incorporated is a Delaware corporation with a place of business of Wayzata, Minnesota. 'Cargill Meat Solutions' is not a legal entity. Cargill Meat Logistics Solutions, Inc. is a Kansas corporation with a principal place of business of Wichita, Kansas." (Doc. 2-2, at ¶ 3).
 Because the parties agree that Shell is the only non-diverse defendant, the accuracy of Plaintiff's assertions as to the citizenship of the remaining defendants is immaterial to the Court's current analysis.

## III. ANALYSIS

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1446(a) and on the basis of diversity of jurisdiction pursuant to 28 U.S.C. § 1332. Defendants acknowledge that both Plaintiff and Thomas Shell are citizens of Pennsylvania, but assert that Shell, the only non-diverse defendant, was fraudulently joined solely for the purpose of defeating diversity. (Doc. 1).

Plaintiff's Motion to Remand disputes that Shell was fraudulently joined and argues that the claims against Shell, a Pennsylvania citizen, "are meritorious, and at a minimum, surpass the 'colorable claim' standard in assessing Removal" (Doc. 4, at ¶ 9).

A removing party bears the burden of demonstrating "that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Generally, a plaintiff has "the option of naming those parties whom [he or she] choose[s] to sue, subject only to the rules of joinder of necessary parties." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990).

> While the plaintiff['s] decision in this regard may have repercussions for purposes of diversity jurisdiction, there is no reason for a court to interfere with this inevitable consequence of a plaintiff's election unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity.

3

*Id.* Thus, although a court should be cautious not to interfere with a plaintiff's election, "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right", *Brown*, 575 F.3d at 326 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907)). This principle is applied within the Third Circuit "in the context of fraudulent joinder used to defeat diversity jurisdiction." *Id.* (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)). Thus, "a defendant may still remove the action if . . . non-diverse defendants were 'fraudulently' named or joined solely to defeat" federal jurisdiction. *In re Briscoe*, 448 F.3d at 216 (internal citations omitted).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotation marks omitted). However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the. . . defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal quotation marks omitted).

A district court's evaluation of the alleged fraud must "focus on the plaintiff's complaint at the time the petition for removal was filed." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 852). "In so ruling, the district court must assume as true all factual allegations of the complaint." *Id.* Further, the Court "must also resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.*

4

Applying these standards, the Court should not engage in "merits determinations in the context of a fraudulent joinder inquiry." *In re Briscoe*, 448 F.3d at 217-218. Rather, it is possible for a party to be non-fraudulently joined but that the claim against that party still ultimately be dismissed for failure to state a claim upon which relief may be granted. *See id.* at 218; *see also, Batoff*, 977 F.2d at 852 ("the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."). Thus, "[u]nless the claims against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous'. . . , the joinder [can] not be considered fraudulent." *In re Briscoe*, 448 F.3d at 218. Further, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Id.* (citing *Boyer*, 913 F.2d at 113). "[A] district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Id.* at 219 (citing *Boyer*, 913 F.2d at 112; *Batoff*, 977 F.2d at 852)).

Nonetheless, a court may "look to more than just the pleading allegations to identify indicia of fraudulent joinder." *Id.*, *see also, Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). In conducting a jurisdictional analysis, there is "no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal." *In re Briscoe*, 448 F.3d at 220. "Such evidence may be

found in the record from prior proceedings . . . or in other relevant matters that are properly subject to judicial notice." *Id.*

In the present matter, Defendants' brief in opposition to Plaintiffs' motion to remand asserts that because the alleged failures to maintain the parking lot and/or premises "all fall within the course and scope of Mr. Schell's employment," and that "[w]hen an employee is acting within the scope of his employment, the doctrine of *respondeat superior* allows plaintiffs to recover from the employer for the actions of the employee", Shell was fraudulently joined. (Doc. 9, at 4-5).

Plaintiff admits that the doctrine of *respondeat superior* "would allow Plaintiff to skip a suit against Thomas Shell and sue Cargill directly, if Mr. Shell was acting within the scope of his employment." (Doc. 4-1, at 5). Instead, Plaintiff's motion to remand focuses on an assertion that Shell was sued on a good faith and reasonable basis. Plaintiff maintains that "[a]t the time suit was filed, Plaintiff was not aware that Mr. Shell worked for Cargill directly" and that "Plaintiff was only under the impression Mr. Shell was a 'supervisor' of the property in question but did not know the extent of such connection or whether he was formally an employee under Cargill." (Doc. 4-1, at 5). Plaintiff therefore states that she "was not willing to take the risk of not naming a potentially necessary party that could be responsible for a lion's share of the liability." (*Id.* at 6).

Regardless of whether the doctrine of *respondeat superior* is applicable to the present action, both parties ignore a fundamental question that this Court must ask –

whether Plaintiff may assert a state law negligence claim against Shell. Although Defendants argue that Plaintiff *did not have to* bring a claim against Shell, they do not assert that Plaintiff *could not* bring the claim. In a motion to remand, this difference is vital since a plaintiff has "the option of naming those parties whom [she] choose[s] to sue, subject only to the rules of joinder of necessary parties" and a District Court should not interfere with a plaintiff's decision unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity, *Boyer*, 913 F.2d at 110. Here, Pennsylvania law appears to allow for a claim such as the one brought by Plaintiff against Shell, a "supervisor at the location where this incident occurred" (Complaint, at ¶ 2), regardless of the fact that Cargill entities are also defendants. *See e.g., Beck v. Albertson's, Inc.*, 2005 WL 3111782 (E.D.Pa. 2005)[2]; *Montalvo v. John Doe*, 2010 WL 3928536 (E.D. Pa. 2010)[3]; *Gaynor v.*

---

[2] In *Beck*, Plaintiffs filed a personal injury action in state court against Albertson's and Moran, a manager at the market. Defendants removed the action and argued that Moran was fraudulently joined in order to defeat diversity. The District Court granted the motion to remand. The Court first noted that "[i]n slip-and-fall cases at grocery stores, Pennsylvania courts routinely examine the potential negligence of store owners and their agents" and, accepting as true the allegations of the complaint, Plaintiffs stated a colorable claim against Moran. The Court next rejected Defendants' argument that, because the store could be held responsible for Moran's actions, Moran should not have been joined:
> Defendants argue that Moran should not be viewed as a separate legal entity from the corporate defendant Acme. The premise of this argument appears to be that plaintiffs can recover the damages they seek from Acme alone, without joining Moran. Assuming arguendo that defendants are correct, that does not satisfy defendants' heavy burden of proving fraudulent joinder. The plaintiffs chose to name both Moran and Acme and, although there "may [be] repercussions for purposes of diversity jurisdiction, there is no reason for the court to interfere with this inevitable consequence...." *Boyer*, 913 F.2d at 110. Indeed, this Court has granted remands to state court in analogous situations.

*Beck*, 2005 WL 3111782, at *4.

[3] In *Montalvo*, the plaintiff was disembarking from a plane and slipped. He sued American Airlines and two unnamed ramp agents for negligence in state court. American Airlines removed the case based on diversity. After learning the agents' identity, Plaintiff moved to amend the complaint. In granting

7

*Marriott Hotel Servs.*, 2013 WL 4079652 (E.D. Pa. 2013)[4]. Although the Court expresses no opinion as to the ultimate viability of Plaintiff's claim against Shell, it is for a state court to

---

Plaintiff's motion, and *sua sponte* remanding the case to state court because both agents were citizens of Pennsylvania as was Plaintiff, the District Court stated:
> In a state law negligence action, it is reasonable for the plaintiff to "name the employer that may be liable under respondeat superior and the employee who engaged in the conduct at issue." *Acerra v. Whirlpool Corp.*, No. 09–5402, 2010 WL 1265198, at *1 (D.N.J. Mar.26, 2010). Although the judgment may ultimately be satisfied by the employer, the plaintiff may still need to name the employee as a defendant in order to protect against the possibility that "(1) the employer may disavow culpability for the conduct, (2) the employee may not cooperate with discovery or other aspects of litigation if the employee is not named, or (3) the employee may no longer be employed by that employer." *Id.*
>
> I find the reasoning in *Acerra* applicable here. Regardless of American's capacity to pay a potential judgment, plaintiff has the right to pursue claims against any potentially liable parties. He should also be allowed to protect himself against the chance that Etling or Myers [the ramp agents] are found to be outside the scope of their employment or the possibility that American disavows liability for the conduct of Etling and Myers. At a more fundamental level, plaintiff would be prejudiced by the dismissal of Etling and Myers because that would render him unable to collect a judgment from them.

*Montalvo*, 2010 WL 3928536, at * 4-5.

[4] In *Gaynor*, the plaintiff tripped and fell on a sidewalk adjacent to a Marriott Hotel and sued both Marriott and Walsh, the general manager of Marriott who was a Pennsylvania citizen, in state court. After Defendants removed the action by asserting that Walsh was fraudulently joined, the District Court granted Plaintiff's motion to remand. The Court found that Defendant failed to establish that Plaintiff's claims against Walsh were "wholly insubstantial and frivolous." In holding that Plaintiff may have a colorable claim against Walsh for negligence, the Court noted that:
> Under Pennsylvania law, individual liability may be imposed on agents of corporations for torts in which they personally participated. *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86, 89-90 (Pa. 1983); *Tayar v. Camelback Ski Corp.*, 957 A.2d 281, 290 (Pa.Super.Ct. 2008), *rev'd in part on other grounds*, 47 A.3d 1190 (Pa. 2012). Such liability must be based on "misfeasance," which is "'the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it.'" *Brindley v. Woodland Village Rest., Inc.*, 438 Pa.Super. 385, 652 A.2d 865, 868-70 (Pa.Super.Ct. 1995) (quoting *Nelson v. Duquesne Light Co.*, 338 Pa. 37, 12 A.2d 299, 303 (Pa.1940)).
>
> Marriott concedes that agents of corporations may be held liable on this basis, but argues that Plaintiff has failed to allege that Walsh personally participated in any of the negligent conduct on which Plaintiff bases her claims and, thus, Plaintiff has failed to allege a colorable claim for Walsh's individual liability. However, as noted above, our inquiry on a motion to remand challenging assertions of fraudulent joinder is less searching than the inquiry we employ under Rule 12(b)(6) for failure to state a claim upon which relief may be

determine whether the cause of action against Shell can survive a motion to dismiss. As such, whether Plaintiff's Complaint adequately states a claim on the merits or whether Defendants, and Shell in particular, have viable defenses or are entitled to some relief in the form of dismissal or otherwise, requires a state court to perform a legal and factual analysis on the merits.

Defendants' argument that this Court decline to remand because of the doctrine of *respondeat superior* asks this Court to go beyond a jurisdictional analysis. As case law establishes, this Court should not conduct a merits inquiry. If there is any reasonable basis in fact or colorable ground supporting Plaintiff's claim against Shell, the Court should remand the action.[5] Here, while the parties' briefing indicates that they agree that the doctrine of *respondeat superior* may apply and thus Shell may be dismissed from the action on the merits in state court, this does not foreclose the fact that Plaintiff may have stated a colorable claim against Shell in her Complaint. In other words, simply because the doctrine of *respondeat superior* may apply does not mean that Plaintiff has not alleged a colorable claim. It is for a state court to assess the merits of the Complaint and Defendants' defenses thereto – this Court cannot say that there is no possibility that a state court would find that the Complaint states a cause of action against Shell. Because Defendants have not met

---

granted, so that we will only find fraudulent joinder where the plaintiff's claims are "wholly insubstantial and frivolous." *Batoff,* 977 F.2d at 852 (quotation omitted).
*Gaynor,* 2013 WL 4079652, at *3.

[5] Despite Defendants' conclusory allegations that Plaintiff has no real intention in good faith to prosecute the action against Shell or seek a joint judgment, there is insufficient evidence on the record to support this finding.

their "heavy burden of persuasion" and all doubts must be resolved in favor of remand, the Court will grant Plaintiff's motion.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 4) will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge